# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1285V
(not to be published)

| | |
|---|---|
| BRENDA TATARO, *as administrator for the Estate of Sally J. Silver*,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: August 4, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Christine Smith, Law Office of Christine M. Smith, R.N., MSN, Manchester, N.H, for Petitioner.*

*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 27, 2019, Sally J. Silver,[2] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine she received on September 14, 2017.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Brenda Tatro was substituted for Petitioner after her death. *See* ECF No. 22 and ECF No. 42.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(Petition at ¶¶ 2, 4). On January 24, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer.  (ECF No. 52).

Petitioner has now filed a motion for attorney's fees and costs, dated June 1, 2022, requesting a total award of $17,501.01 (representing $16,847.40 in fees and $653.61 in costs). (ECF No. 52-2). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. (ECF No. 52-4). Respondent reacted to the motion on June 2, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. (ECF No. 53). Petitioner did not file a reply thereafter.

On July 12, 2022, a scheduling order was filed requesting Petitioner provide supporting documentation in their request for attorney costs. (ECF No. 54). On July 26, 2022, Petitioner filed the requested documentation and stated a clerical error was made in their Motion for Attorney Fees and Costs and now requests the revised amount of $506.31. (ECF No. 55).

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$17,382.76** (representing $16,847.40 in fees and $535.36 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.